UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

           Plaintiff,        CIV. S-05-2139 DFL PAN PS

    v.

UNITED STATES GOVERNMENT,      ORDER TO SHOW CAUSE
AMTRAK RAIL LINES,

           Defendants.

-o0o-

Plaintiff shall show cause in writing on or before January 6, 2006, and appear before this court Wednesday, January 11, 2006, at 9:00 a.m., in Courtroom 25, to show cause why sanctions should not be imposed upon him pursuant to Fed. R. Civ. P. 11 for his repeated filing of frivolous complaints.  Orders to show cause imposing the same deadlines are also being issued in Fallon v. Pacific Laboratories, Inc., CIV. S-05-2289 MCE PAN PS, and Fallon v. the United States Federal Communications

1  <u>Commission</u>, CIV. S-05-2355 FCD PAN PS.

2       This is one of the 18 cases plaintiff has filed in this court since March 2005 and one of the seven cases assigned to this magistrate judge.  Here plaintiff has again filed a custom "Forma Pauperis Application" rather than complete the form required by this court.  The complaint, like most of those preceding it, seeks extraordinary damages from the federal government but fails to state a claim for which relief can be granted.  This complaint states in full (sic):

> Within this Legal Action, is the Question, the Question of the Libality of these defendants.
> Within this Question of Libality, is the Question of A Amtrak, Amtrak Train Conductor, asking Myself To leave a Miami to Los Angeles Train (Being Dressed in a Black Leather which was vinal Outfit, and having stayed in a Hotel in Miami Fl., told Me to leave the Train, because, Quote, (I Stunk).
> This incident occured in El Paso, Texas, in 1995, and for that reason, and a reasonable dought of ever being able to use that Amtrak Rail Line Route, again, I, the Plaintiff, hereby request the Court, to Award a Judgement, Payable from the Defendants, to the Plaintiff, in the Amount of $5,000,000.00.

The accompanying "Civil Cover Sheet" states that service has been waived by defendants.

     Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper . . ., if the party is not represented by an attorney, shall be signed by the party."  The signature serves as a representation to the court that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper is not offered for an improper or

harassing purpose, is warranted by "existing law or by a nonfrivolous argument," and contains allegations or denials of factual contentions with evidentiary support.  Fed. R. Civ. P. 11(b).

     The court may on its own initiative enter an order describing a party's specific conduct that appears to violate subdivision (b) and direct the party to show cause why he has not violated that provision.  Fed. R. Civ. P. 11(c)(1)(B).  If, after notice and a reasonable opportunity to respond, the court determines subdivision (b) has been violated, the court may impose an appropriate sanction.  Fed. R. Civ. P. 11(c). Sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(2).  Sanctions may include directives of a nonmonetary nature and imposition of a monetary penalty.  Id.

     Plaintiff has inundated this court with proposed complaints asserting frivolous allegations.  See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable legal conclusion[s]").  While this complaint is typed, the court has spent hours attempting to decipher plaintiff's handwritten notes and illustrations; now that the words are easily decipherable it is even more clear their message is frivolous.  Conservation of judicial resources requires that plaintiff be deterred from filing additional

harassing purpose, is warranted by "existing law or by a nonfrivolous argument," and contains allegations or denials of factual contentions with evidentiary support.  Fed. R. Civ. P. 11(b).

The court may on its own initiative enter an order describing a party's specific conduct that appears to violate subdivision (b) and direct the party to show cause why he has not violated that provision.  Fed. R. Civ. P. 11(c)(1)(B).  If, after notice and a reasonable opportunity to respond, the court determines subdivision (b) has been violated, the court may impose an appropriate sanction.  Fed. R. Civ. P. 11(c). Sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(2).  Sanctions may include directives of a nonmonetary nature and imposition of a monetary penalty.  Id.

Plaintiff has inundated this court with proposed complaints asserting frivolous allegations.  See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable legal conclusion[s]").  While this complaint is typed, the court has spent hours attempting to decipher plaintiff's handwritten notes and illustrations; now that the words are easily decipherable it is even more clear their message is frivolous.  Conservation of judicial resources requires that plaintiff be deterred from filing additional

frivolous pleadings.

Accordingly, plaintiff shall show cause in writing on or before January 6, 2006, and appear before this court Wednesday, January 11, 2006, at 9:00 a.m., in Courtroom 25, to show cause why sanctions should not be imposed upon him pursuant to Fed. R. Civ. P. 11.  Failure to respond in writing to this order or to appear at the hearing may result in additional sanctions.

So ordered.

Dated:   December 12, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge